Robert D. Mitchell, 011922
Sarah K. Deutsch, 026229
Christopher J. Waznik, 032812
Zachary R. Cormier, 034594

**TB TIFFANY & BOSCO**
P.A.

Camelback Esplanade II, Seventh Floor
2525 East Camelback Road
Phoenix, Arizona 85016-4229
Telephone (602) 255-6000
Fax (602) 255-0103
E-mails: rdm@tblaw.com;
skd@tblaw.com; cjw@tblaw.com;
zrc@tblaw.com
*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hayden Royal, LLC, a North Carolina limited liability company; Hayden Royal of Arizona, LLC, a North Carolina limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> Justin Hoyt, an individual; and Jason Jensen, an individual, <br><br> Defendants. | No. CV-20-02388-PHX-JJT <br><br> **JOINT PRE-HEARING STATEMENT** <br><br> (Date of Hearing: January 5, 2021) |

    Pursuant to the Court's December 11, 2020 Order (the "Order"), Plaintiff Hayden Royal, LLC and Defendants Justin Hoyt and Jason Jensen hereby submit this Joint Pre-Hearing Statement.

1

**A.** **Counsel Who Will Appear at Hearing.**

Hayden Royal:

Robert D. Mitchell
Christopher J. Waznik
Tiffany & Bosco, P.A.
Camelback Esplanade II, Seventh Floor
2525 East Camelback Road
Phoenix, Arizona 85016-4229
Emails: rdm@tblaw.com; cjw@tblaw.com
Phone (direct): (602) 452-2730; (602) 452-2749

Defendants:
Michael S. Taaffe
Jarrod M. Malone
Maris K.V. Snell
Shumaker, Loop & Kendrick, LLP
240 South Pineapple Ave., P.O. Box 49948
Sarasota, Florida 34230
Tel: (941) 366-6660
Emails: mtaaffe@shumaker.com, jmalone@shumaker.com, msnell@shumaker.com

Kevin R. Heaphy
Ryley Carlock & Applewhite
3200 North Central Avenue, Suite 1600
Phoenix, AZ 85012
Telephone 602.440.4800
kheaphy@rcalaw.com

**B.** **Statement of Jurisdiction.**

The Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under the Defend Trade Secrets Act, 28 U.S.C. § 1836, et seq., and has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367. This Court also has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and all members of Plaintiffs, on the one hand, and Defendants, on the other hand, are citizens of different States.

Jurisdiction is undisputed.

**C.  Witnesses.**

Each party understands that it is responsible for ensuring that the witnesses whose testimony the party will rely on are subpoenaed. Each party further understands that any witness whose testimony is offered to the Court shall be listed on that party's list of witnesses, and that party cannot rely on any witness having been listed or subpoenaed by another party.

**1.  Hayden Royal.**

Hayden Royal anticipates submitting testimony via declarations and/or affidavits at the preliminary injunction hearing from the following individuals:

| Witness | Address | Fact/Expert | Brief Statement as to Testimony |
|---|---|---|---|
| Louis Dworsky | c/o Hayden Royal's Counsel | Fact | Mr. Dworsky, the Managing Director of Hayden Royal, LLC, will provide testimony regarding, *inter alia*, Hayden Royal's hiring of Defendants; the status of Hayden Royal's investigation regarding Defendants' conduct; Defendants' communications to him; clients who have left Hayden Royal for Defendants' new firm; his discussions with clients regarding Defendants; Hayden Royal's security protocols to protect client-related information and its treatment as trade secret and confidential; and Hayden Royal's damages to date. |

| | | | |
|---|---|---|---|
| Michelle Wine | c/o Hayden Royal's Counsel | Fact | Ms. Wine, the Office Manager at Hayden Royal's Gilbert, Arizona office, will provide testimony regarding, *inter alia*, her interactions with Defendants (including, primarily, from August 2020 to December 2020); and the status of her investigation into Defendants' misconduct, including communications with clients. |
| Brandon Oliver | c/o Hayden Royal's Counsel | Fact | Mr. Oliver, a Financial Advisor with Hayden Royal, will provide testimony regarding his conversations with clients who Defendants' solicited to leave Hayden Royal, including their disparagement of Hayden Royal. |
| Richard Brown | Network Technologies Solutions, LLC 1728 Copperplate Road Charlotte, North Carolina 28262 rbrown@nwtsolutions.com | Fact | Mr. Brown, a technology consultant to Hayden Royal, will provide testimony regarding his analysis of Defendants' email account activity prior to their departure in December 2020. |

**2. Defendants.**

| Witness | Address | Fact/Expert | Brief Statement as to Testimony |
|---|---|---|---|
| Louis Dworsky | c/o Hayden Royal's Counsel | Fact | Mr. Dworsky will provide testimony regarding Hayden Royal's recruitment and hiring of Defendants and representations made in the course of same; Hayden Royal's alleged efforts to expand its Arizona presence; Defendants' employment with Hayden Royal and potential improprieties committed by Mr. Dworsky during such employment; his actions following Defendants' December 4, 2020 transition; and |

4

| | | | |
|---|---|---|---|
| | | | Hayden Royal's membership in the Protocol for Broker Recruiting. |
| Michelle Wine | c/o Hayden Royal's Counsel | Fact | Ms. Wine, the Office Manager at Hayden Royal's Gilbert, Arizona office, will provide testimony regarding her employment with Hayden Royal and her knowledge regarding Defendants' December 4, 2020 resignation from Hayden Royal. |
| Brandon Oliver | c/o Hayden Royal's Counsel | Fact | Mr. Oliver, a Financial Advisor with Hayden Royal, will provide testimony regarding his conversations with Defendants' clients. |
| Justin Hoyt | c/o Defendants' Counsel | Fact | Mr. Hoyt will provide testimony regarding his former employment with Hayden Royal, his resignation from Hayden Royal on December 4, 2020 and conduct under the Protocol, and Hayden Royal's misconduct and misrepresentations relating to the instant action. |
| Jason Jensen | c/o Defendants' Counsel | Fact | Mr. Jensen will provide testimony regarding his former employment with Hayden Royal, his resignation from Hayden Royal on December 4, 2020 and conduct under the Protocol, and Hayden Royal's misconduct and misrepresentations relating to the instant action. |

D.  **Exhibits.**

1.  **Hayden Royal.**

Hayden Royal intends to rely on the following exhibits at the hearing:

| Hearing Exhibit No. | Document | Objection | Response |
|---|---|---|---|
| 1 | Hayden Royal, LLC Employment, Confidentiality and Non-Solicitation Agreement (*Managing Director*) and | N/A | |

|   | | | |
|---|---|---|---|
|   | Promissory Note for Justin Hoyt, dated February 21, 2019 (Exhibit 1 to Exhibit A to Motion for TRO/PI) | | |
| 2 | Hayden Royal, LLC Employment, Confidentiality and Non-Solicitation Agreement *(Director)* and Promissory Note for Jason Jensen, dated February 25, 2019 (Doc. 11) | N/A | |
| 3 | Hayden Royal Re: Additional Letter of Understanding to Justin Hoyt and re: October 5, 2020 Meeting, dated October 6, 2020 (Exhibit 3 to Exhibit A to Motion) | N/A | |
| 4 | Hayden Royal Re: Additional Letter of Understanding to Jason Jensen, dated October 6, 2020 (Exhibit 4 to Exhibit A to Motion) | N/A | |
| 5 | Justin Hoyt Resignation Letter, dated December 4, 2020 (Exhibit 5 to Exhibit A to Motion) | N/A | |
| 6 | Jason Jensen Resignation Letter, dated December 4, 2020 (Exhibit 6 to Exhibit A to Motion) | N/A | |
| 7 | Ann Akagi Email dated December 7, 2020 (Exhibit 7 to Exhibit A to Motion) | N/A | |

| # | Exhibit | Objection | Response |
|---|---------|-----------|----------|
| 8 | Brandon Neuman email to Jarrod Malone, dated December 8, 2020 re: Defendant Hoyt's Promissory Note (Exhibit 9 to Exhibit A to Motion) | Defendants object because the document is irrelevant pursuant to Federal Rule of Evidence 401. Repayment of the promissory notes is not a fact of consequence in this action because the notes were repaid and Plaintiffs have admitted they intent to withdraw the breach of contract claim related thereto. | The document is relevant to show that Defendants quit and solicited clients while owing amounts under the notes, separately triggering the non-solicitation clause of their Employment Agreements |
| 9 | Brandon Neuman email to Jarrod Malone, dated December 8, 2020 re: Defendant Jensen's Promissory Note (Exhibit 10 to Exhibit A to Motion) | Defendants object for the same reasons set out in relation to Plaintiffs' Exhibit 8. | See response to Exhibit 8. |
| 10 | E-mail Correspondence Between Michelle Wine and Juncture Wealth re: Reimbursement for Computer Purchase (Exhibit 1 to Exhibit A to Reply) | Defendants object because the computer purchase is not relevant pursuant to Federal Rules of Evidence 401 and 403. Defendants' actions during the October resignation are of no consequence in the current action, relating to their December resignation. Plaintiffs' reference to conduct during the October transition is highly likely to confuse the issues and mislead the jury. | The document is exceedingly relevant to this action, as it shows Defendants violated the Protocol and cite no authority holding that it re-affixed to them. Further, it speaks to Defendants' overall bad faith conduct for the last half-year, in violation of the spirit of the Protocol. The document does not confuse or mislead, as it relates directly to Defendants' misconduct. Any threat of confusion does not substantially outweigh this |

| | | | document's probative value. |
|---|---|---|---|
| | 11 | Screenshot of Reports on Michelle Wine's Raymond James Account (Exhibit 2 to Exhibit A to Reply) | Defendants object because the document is not relevant pursuant to Federal Rule of Evidence 401. The fact that Defendant reviewed a report in the ordinary course of business does not make any fact of consequence more or less probable. Moreover, even if the document were relevant, it should be excluded pursuant to Rule 403, because any probative value is substantially outweighed by the likelihood of undue prejudice, confusing the issues, and misleading the Court.. Additionally, Defendants object pursuant to Federal Rules of Evidence 701 and 702, because Ms. Wine is not an expert witness and therefore is not qualified to opine on the data reflected on the report. | This document is highly relevant to the issues in this case, and any threat of confusion/undue prejudice/misleading does not substantially outweigh its probative value. Specifically, this document directly shows that Hoyt generated a report on Ms. Wine's account without her permission so he could review all client accounts, and then hid his conduct, approximately one month before he quit. The documents he viewed included confidential client information.<br><br>As to expert testimony, any objection on that front should be directed to Ms. Wine's testimony, not this document, which simply shows that reports were created from Ms. Wine's account on a certain date and time. Ms. Wine can certainly provide lay |

| | | | | witness testimony that she personally took the screenshots reflected in this document and explain what the screenshots show. Expert testimony is unnecessary to introduce this document into evidence or explain standard functions of Microsoft Office. |
|---|---|---|---|---|
| | 12 | Protocol for Broker Recruiting (Exhibit 3 to Exhibit A to Response) | N/A | |
| | 13 | Audit Log of Justin Hoyt's Hayden Royal email from October 1 to December 4, 2020 | Defendants object because the document is not relevant pursuant to Federal Rule of Evidence 401. The fact that Defendant deleted his emails throughout the day in the ordinary course of business does not make any fact of consequence more or less probable. Plaintiffs have not indicated that deleting emails is improper in any way, therefore this document is irrelevant. Moreover, even if the document were relevant, it should be excluded pursuant to Rule 403, because any probative value is substantially outweighed by the likelihood of undue prejudice, confusing the issues, and misleading the Court. This is particularly true because the time period covered by the document is to | This document is highly relevant for a variety of reasons. The document shows that Hoyt deleted over 800 emails during October and November 2020. Some were soft deletes, while others were hard deletes. Either way, deleting such an extensive amount of information suggests that Hoyt was either trying to remove information that he did not want Hayden Royal to see, or he was trying to make communications with clients post-termination more difficult for Hayden |

9

| | | | |
|---|---|---|---|
| | | narrowly limited to the time immediately surrounding Defendants' resignations from Hayden Royal and therefore does not provide appropriate context for Defendants' standard conduct (i.e. that they deleted their emails in the same manner throughout the entirety of their employment with Hayden Royal). | Royal. Either way, this document speaks directly to Hoyt's bad faith actions. As to "context," that goes to the weight afforded to the document, not its admissibility. |
| 14 | Audit Log of Jason Jensen's Hayden Royal email from October 1 to December 4, 2020 | Defendants object to this Exhibit for the same reasons set out in response to Exhibit 13. | This document is highly relevant for a variety of reasons. The document shows that Jensen deleted over 3,400 emails during October and November 2020. Some were soft deletes, while others were hard deletes, while still others were "purges" of information. Either way, deleting such an extensive amount of information suggests that Jensen was either trying to remove information that he did not want Hayden Royal to see, or he was trying to make communications with clients post-termination more difficult for Hayden Royal. Either way, this document speaks directly to Jensen's bad faith actions. As |

| | | | |
|---|---|---|---|
| | | | to "context," that goes to the weight afforded to the document, not its admissibility. |
| 15 | Screenshot of Jason Jensen's email account activity between October 1, 2020 and December 10, 2020 (Exhibit 1 to Exhibit B to Reply) | Defendants object to this Exhibit for the same reasons set out in response to Exhibit 13. | See response to Exhibit 13. |
| 16 | Screenshot of Justin Hoyt's email account activity between October 1, 2020 and December 10, 2020 (Exhibit 2 to Exhibit B to Reply) | Defendants object to this Exhibit for the same reasons set out in response to Exhibit 13. | See response to Exhibit 14. |
| 17 | Email correspondence between Justin Hoyt and Hayden Royal client dated November 2020 (Exhibit 3 to Exhibit B to Reply) | N/A | |
| 18 | Email correspondence between Justin Hoyt and Hayden Royal client dated November 2020 (Exhibit 4 to Exhibit B to Reply) | N/A | |
| 19 | Email correspondence between Justin Hoyt and Hayden Royal client dated November 2020 (Exhibit 5 to Exhibit B to Reply) | N/A | |
| 20 | Email between Justin Hoyt and client dated December 6, 2020 reflecting text message | N/A | |

| Hearing Exhibit No. | Document | Objection | Response |
|---|---|---|---|
| 21 | Email from client declining to change firms dated December 5, 2020 | N/A | |
| 22 | Declaration of Justin Hoyt, dated December 11, 2020 (Doc. 12-2) | N/A | |
| 23 | Declaration of Jason Jensen, dated December 11, 2020 (Doc. 12-4) | N/A | |

**2. Defendants.**

| Hearing Exhibit No. | Document | Objection | Response |
|---|---|---|---|
| 24 | BrokerCheck Report for Justin Hoyt (Exhibit 1 to Exhibit A to Opp. To Motion for TRO/PI) (DOC No. 12-3) | N/A | |
| 25 | BrokerCheck Report for Jason Jensen (Exhibit 1 to Exhibit B to Opp. To Motion for TRO/PI) (DOC No. 12-5) | N/A | |
| 26 | Letter of Understanding re. Employment of Justin Hoyt and Jason Jensen, dated January 17, 2019 (Exhibit 2 to Exhibit A to Opposition) (DOC No. 12-3) | N/A | |
| 27 | Justin Hoyt log of calls from Louis Dworsky following December 4, 2020 Resignation (Exhibit 5 to Exhibit A | N/A | |

| | | | |
|---|---|---|---|
| | to Opposition) (DOC No. 12-3) | | |
| 28 | Compilation of Email Correspondence between parties' counsel re. Defendants' resignation and applicability of Protocol, dated December 4–7, 2020 (Exhibit 6 to Exhibit A to Opposition) (DOC No. 12-3) | N/A | |
| 29 | Jarrod Malone Email to Brandon Neuman re. repayment of Defendants' promissory notes, dated December 8, 2020 (Exhibit 7 to Exhibit A to Opposition) (DOC No. 12-3) | N/A | |
| 30 | Confirmation of Successful Wire Transfer to Hayden Royal on December 9, 2020 to satisfy Defendants' promissory note balances (Exhibit 7 to Exhibit B to Opposition) (DOC No. 12-5) | N/A | |
| 31 | Hayden Royal Privacy Policy (Exhibit 9 to Exhibit A to Opposition) (DOC No. 12-3) | Foundation. | Defendants will establish the appropriate foundation at the hearing. |

| | | | |
|---|---|---|---|
| 32 | FINRA Rule 2140 (Exhibit 10 to Exhibit A to Opposition) (DOC No. 12-3) | Irrelevant under FRE 401. Hayden Royal, LLC is not a FINRA member. It is registered as an Investment Advisory Firm with the SEC, but it is not registered with FINRA. Thus, FINRA Rule 2140 is inapplicable to the Plaintiff in this proceeding, Hayden Royal, LLC. | FINRA Rule 2140 expressly applies to both FINRA members and persons associated with FINRA members. Louis Dworsky is registered with FINRA member Zermatt Securities and is therefore bound by FINRA Rule 2140. On multiple occasions, Mr. Dworsky has violated Rule 2140 by interfering with customers' requests to transfer their accounts, including by threatening and actually filing frivolous litigation designed to impede the transfer of Defendants' customer accounts. Thus, FINRA Rule 2140 is relevant to show Mr. Dworsky's misconduct and bad faith. |
| 33 | FINRA Rule 2010 (Exhibit 11 to Exhibit A to Opposition) (DOC No. 12-3) | Irrelevant under FRE 401. Hayden Royal, LLC is not a FINRA member. It is registered as an Investment Advisory Firm with the SEC, but it is not registered with FINRA. Thus, FINRA Rule 2140 is inapplicable to the Plaintiff in this proceeding, Hayden Royal, LLC. | Zermatt Securities, a FINRA member and part-owner of Hayden Royal, engaged in conduct inconsistent with the "high standards of commercial honor and just and equitable principles of trade" required by Rule 2010, including by coercing Mr. Hoyt into terminating his relationship with another broker-dealer, American Wealth, rendering him unable to service his brokerage clients. These violations are |

| | | | |
|---|---|---|---|
| | | | relevant to show that Hayden Royal and Mr. Dworsky's bad faith and unclean hands. |
| 34 | AdvisorHub Article "Press Release: Hayden Royal Adds 160 Million in Assets, Expands in Arizona," dated February 26, 2019 | N/A | |
| 35 | Hayden Royal Firm Brochure, dated September 20, 2019 | Relevance, foundation. | The exhibit is relevant to establish certain facts about Hayden Royal, including that Louis Dworsky and Zermatt Holdings are the principal owners of Hayden Royal. Mr. Dworsky and Zermatt's involvement with and control over Hayden Royal are relevant to Defendants' allegations of misconduct by Hayden Royal and Mr. Dworsky.<br><br>The Brochure also confirms Hayden Royal's Privacy Policy, which permits advisors to take client information in order to transfer their clients' accounts and serve the clients at their new firm.<br><br>Defendants will establish the appropriate foundation at the hearing. |
| 36 | About North American Securities Administrators | Relevance, foundation. | The document is relevant to show additional regulatory bodies that govern the activities of Hayden Royal, |

| | | | |
|---|---|---|---|
| | Association (NASAA) Webpage | | for the purposes of showing Hayden Royal's breach of industry norms and regulations.<br><br>Defendants will establish the appropriate foundation at the hearing. |
| 37 | NASAA Statement on Brokerage Account Transfers, dated November 19, 2001 | Relevance, foundation. | The exhibit is relevant to show that the NASAA, a regulatory body with oversight over Hayden Royal, opposes actions that interfere with customers' requests to transfer their accounts. Mr. Dworsky and Hayden Royal's repeated attempts to interfere with the transfer of Defendants' client accounts violates industry regulations and evidences bad faith and unclean hands.<br><br>Defendants will establish the appropriate foundation at the hearing. |

### E. Depositions to be Offered.

Each party hereby acknowledges that, by signing this joint pre-hearing statement, any deposition not listed as provided herein will not be allowed, absent good cause.

### F. Proposed Findings of Fact and Conclusions of Law.

Pursuant to the Order, the parties shall separately file their Proposed Findings of Fact and Conclusions of Law.

Respectfully submitted this 30th day of December, 2020.

                    TIFFANY & BOSCO, P.A.

By_____
   Robert D. Mitchell, 011922
   Sarah K. Deutsch, 026229
   Christopher J. Waznik, 032812
   Zachary R. Cormier, 034594
   Camelback Esplanade II, Seventh Floor
   2525 East Camelback Road
   Phoenix, Arizona 85016-4229
   *Counsel for Plaintiffs*


SHUMAKER, LOOP & KENDRICK, LLP


By /s/ Maris K.V. Snell (*with permission*)
   Michael S. Taaffe, *Admitted Pro Hac Vice*
   Jarrod J. Malone, *Admitted Pro Hac Vice*
   Maris K.V. Snell, *Admitted Pro Hac Vice*
   240 S. Pineapple Ave., P.O. Box 49948
   Sarasota, Florida 34230
   *Counsel for Defendants*

# **CERTIFICATE OF SERVICE**

I hereby certify and declare under penalty of perjury that on December 30, 2020, I electronically filed the foregoing with the Clerk of Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all parties of record.

*/s/ Kaleigh Stilchen*