Robert D. Mitchell, 011922
Sarah K. Deutsch, 026229
Christopher J. Waznik, 032812
Zachary R. Cormier, 034594

**TB TIFFANY & BOSCO** P.A.

Camelback Esplanade II, Seventh Floor
2525 East Camelback Road
Phoenix, Arizona 85016-4229
Telephone (602) 255-6000
Fax (602) 255-0103
E-mails: rdm@tblaw.com;
skd@tblaw.com; cjw@tblaw.com;
zrc@tblaw.com
*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hayden Royal, LLC, a North Carolina limited liability company; Hayden Royal of Arizona, LLC, a North Carolina limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>Justin Hoyt, an individual; and Jason Jensen, an individual,<br><br>Defendants. | No. CV-20-02388-PHX-JJT<br><br>**PLAINTIFF HAYDEN ROYAL, LLC'S MOTION TO STRIKE DEFENDANTS' NOTICE OF FILING WITNESS DECLARATION FOR JANUARY 5, 2021 HEARING (DOC. 19) AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW (DOC. 20), IN FULL OR IN PART, DUE TO ATTORNEY-CLIENT PRIVILEGED INFORMATION** |

Pursuant to LRCiv 7.2(m), Plaintiff Hayden Royal, LLC hereby moves to strike Defendants' Notice of Filing Witness Declaration for January 5, 2021 Hearing (Doc. 19) and

Proposed Findings of Fact and Conclusions of Law (Doc. 20), in full or in part, as including attorney-client privileged information and information derived therefrom.

Exhibit 4 to Defendant Hoyt's declaration reflects an attorney-client privileged communication from the firm's counsel, Brandon Neuman, to Hayden Royal. *See* (Doc. 19 at 45). Defendant Hoyt's declaration itself also includes specific (and bolded) statements regarding this privileged communication, *see* (Doc. 19 at 8-9 (¶¶ 14-19), as does Defendants' Proposed Findings of Fact and Conclusions of Law, *see* (Doc. 20 at 4 (¶ 19)).[1]

As set forth in the attached declaration from Michelle Wine, on October 6, 2020, Hayden Royal sought legal advice from its legal counsel, Mr. Neuman, in confidence regarding a letter of understanding. *See* M. Wine Decl. ¶ 2, attached hereto as Exhibit A. After Mr. Neuman remitted the requested legal advice through a redline document with edits and a comment in the margin (i.e., Exhibit 4 to Defendant Hoyt's declaration), Ms. Wine printed the document to give to Louis Dworsky. *See id.* ¶¶ 3-4. Upon learning that she accidentally printed the wrong document, she immediately placed the redline document in the firm's locked shred box. *See id.* ¶ 4. Ms. Wine did not print any other copies of this document, and nobody else in the firm had access to this document besides Mr. Dworsky and Ms. Wine. *See id.* ¶ 5. This clearly satisfies the test for attorney-client privilege. *See, e.g.*, *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (federal law); *Samaritan Found. v. Goodfarb*, 862 P.2d 870, 874 (Ariz. 1993) (Arizona law); *Evans v. United Servs. Auto. Ass'n*, 541 S.E.2d 782, 790 (N.C. Ct. App. 2001) (North Carolina law).

---

[1] These filings were the first time Hayden Royal learned that Defendant Hoyt had this document. Despite being filed as an exhibit to a declaration for use at the hearing in this matter, this document was <u>not</u> included in Defendants' list of exhibits filed in the parties' joint-prehearing statement on December 30, 2020. *See* (Doc. 16 at 12-16). Instead, it was included in Defendants' separate filings made after 9:00 p.m. on December 30, 2020. *See* (Docs. 19, 20). It is also telling that Defendant Hoyt has attested (on multiple occasions) that he did not take anything else from Hayden Royal beyond what is permitted by the Protocol. *See* (Doc. 19 at 15-16 (¶ 42); Doc. 12-2 at 11-12 (¶¶ 38-39, 42)). Attorney-client privileged communications are not found on that list.

Defendant Hoyt attests that he "found" this document, *see* (Doc. 19 at 8 (¶ 14)), but, as it was placed in a locked shred box, he could have only "found" it by (1) taking the key from Ms. Wine's desk and rummaging through the shred box or (2) accessing Ms. Wine's computer without her authorization and printing it. Regardless, Hayden Royal has not impliedly or expressly waived the privilege to this document and respectfully requests that the Court immediately strike Defendants' Notice of Filing Witness Declaration (Doc. 19) and Proposed Findings of Fact and Conclusions of Law (Doc. 20), in full or in part, from the record; not consider the privileged communication or any references thereto in its resolution of this matter; and award Hayden Royal its attorneys' fees for this motion.

Before filing this motion, Hayden Royal's counsel demanded that Defendants' counsel file appropriate retractions regarding the foregoing information. At the time of filing, Defendants' counsel had not agreed to do so, prompting this motion.

Respectfully submitted this 31st day of December, 2020.

TIFFANY & BOSCO, P.A.

By_____
Robert D. Mitchell, 011922
Sarah K. Deutsch, 026229
Christopher J. Waznik, 032812
Zachary R. Cormier, 034594
Camelback Esplanade II, Seventh Floor
2525 East Camelback Road
Phoenix, Arizona 85016-4229
*Counsel for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I hereby certify and declare under penalty of perjury that on December 31, 2020, I electronically filed the foregoing with the Clerk of Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all parties of record.

*/s/ Kaleigh Stilchen*

# EXHIBIT A

# DECLARATION OF MICHELLE WINE

I, MICHELLE WINE, pursuant to 28 U.S.C. § 1746, do hereby swear as follows:

1. I am an adult, and I am competent to testify as to the matters set forth herein.

2. On October 6, 2020, at the request of Louis Dworsky, I communicated via email with Hayden Royal, LLC's legal counsel, Brandon Neuman, Esq., regarding a draft letter of understanding for Justin Hoyt. On behalf of Hayden Royal, I sought Mr. Neuman's professional advice with respect to the letter and sent him a draft copy.

3. Via email, Mr. Neuman returned the draft letter back to me in a redline version. There were multiple redline edits to the document and a comment in the margin.

4. To allow Mr. Dworsky to review the letter, I attempted to print a clean version of the letter. However, I accidentally printed the redline version with Mr. Neuman's edits and comments. After handing the redline version to Mr. Dworsky, he advised me that he wanted to see a clean version. Thus, I printed a clean version and immediately placed the redline version with Mr. Neuman's edits and comments into our firm's locked shred box.

5. I did not print any other copies of the redline version, nor am I aware of anyone else that had access to the confidential email between myself and Mr. Neuman.

6. Prior to resigning in October 2020, Mr. Hoyt had a copy of the key to the locked shed box. Upon our return in October 2020, the key was in my desk.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

EXECUTED this 31st day of December, 2020.

*Michelle Wine*
_____
Michelle Wine